UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YOLANDA BROWN,

        Plaintiff,                           Case No. 10-12960

v.

COMMISSIONER OF SOCIAL SECURITY,     Hon. Avern Cohn

        Defendant.
_____/

**<u>MEMORANDUM AND ORDER ADOPTING THE REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE (DOC. 18)
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. 17)
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. 15)</u>**

### I. INTRODUCTION

This is a Social Security case. Plaintiff Yolanda Brown (Brown) appeals from the final decision of the Commissioner of Social Security (Commissioner) denying her application for Social Security disability benefits. Brown claims disability since October 7, 2006[1]. The parties filed cross motions for summary judgment. The motions were referred to a Magistrate Judge (MJ) for a report and recommendation (MJRR). The MJ recommends that Brown's motion for summary judgment be denied and that the Commissioner's motion for summary judgment be granted. Brown filed timely objections to the MJRR.

Now before the Court is Brown's objections to the MJRR. For the reasons that follow, Brown's motion for summary judgment will be **DENIED**. (Doc. 15). The

---

[1] Brown originally claimed disability on the basis of severe neck, shoulder and back pain. At the administrative stage, Brown added depression, auditory hallucinations, and obesity as the basis of her claim. Brown was also treated for breast cancer.

1

Commissioner's motion for summary judgment will be **GRANTED**. (Doc. 17).

## II. BACKGROUND

### A. Disability

Brown's work history included approximately twelve years as a front desk clerk and restaurant manager in a hotel. Her employment at the restaurant required her to carry heavy trays of food on her shoulder and above her head. Brown began to experience pain in her neck and shoulder. Brown first sought treatment for this pain in October 2006 from the Deighton Family Practice Center (DFPC). She was given a work note to excuse her from work for a few days and prescribed Motrin and Flexeril[2] for her pain. One month later, Brown sought medical treatment for pain in the right side of her neck, chest, and upper back from another physician at DFPC. The physician ordered a cervical spine x-ray, which came back normal.

In December of 2006, Brown visited the emergency room with similar complaints of shoulder and chest pain. X-rays revealed Brown's chest and shoulders were normal. One month later, she returned to DFPC with complaints of neck, shoulder and chest pain, and ankle swelling. An x-ray revealed a small ankle spur. Doctors at DFPC also diagnosed Brown with costochondritis[3] and neck spasms.

Brown says she stopped working in January 2007 because of prolonged neck, shoulder, and back pain. DFPC doctors prescribed physical therapy as treatment for her neck and shoulder pain. Brown attended nine physical therapy sessions between December 2006 and February 2007, and then ceased treatment. Brown returned to DFPC for further treatment of neck and shoulder pain in January and March of 2007.

---

[2] Flexeril and Motrin are over-the-counter anti-inflammatory drugs.

[3] Costochondritis is inflammation of rib connective tissue.

Her doctors posited the neck pain Brown was experiencing may be due a nerve impingement and ordered a cervical spine MRI. The MRI revealed a disc bulge at C5-C6. The physician referred Brown to a pain clinic and to a neurosurgeon for treatment.

Brown went to the pain clinic once where she received a single epidural injection, which reportedly wore off after three days. Brown told her doctors that the physical therapy was actually causing an increase in her back, shoulder, and neck pain. In addition, Brown says that she discontinued her treatment due to lack of medical insurance and her subsequent diagnosis of breast cancer.

**2.**

On March 6, 2007, Brown filed her claim for disability. As a part of the claims process Brown underwent an examination by Dr. Kelwala for the Disability Determination Services (DDS) on April 2007. During this evaluation Brown reported depression and relayed that she often saw her deceased mother's spirit. Brown was diagnosed with major depression, delayed-type Post Traumatic Stress Disorder (PTSD), and psychogenic pain disorder (a psychiatric disorder characterized by persistent pain for which there is no apparent cause). To evaluation the severity of Brown's condition, Kelwala performed a Global Assessment of Functioning (GAF)[4]. Kelwala concluded her GAF score to be 45 to 50, indicating severe symptoms. Kelwala documented Brown's height as 5'9'' and her weight 233 pounds, which qualifies as obese. The DDS denied Brown's claims on May 9, 2007 and she requested a hearing before an Administrative Law Judge (ALJ).

**3.**

In June 2007, Brown returned to the DFPC and reported that physical therapy

---

[4]GAF- Global Assessment of Functioning is a method of reporting a clinician's judgment of an individual's overall level of functioning.

3

had worsened her pain. After an examination, Brown's doctors concluded she could work with restrictions, specifically, no lifting over twenty pounds. She continued to experience back and shoulder pain.

In March 2008, a mammogram revealed a malignant tumor in Brown's right breast. Brown underwent cancer treatment that included three lumpectomies in 2008 to remove cancerous tissue. Brown also underwent eight weeks of radiation treatment. She was in remission by the end of 2008.

Dr. Singh, one of Brown's physicians from the DFPC, performed several assessments of Brown's limitations from September 2008 to March 2009. Singh concluded that Brown's physical and mental limitations prohibited her from working. Singh noted that Brown's depression had worsened after her cancer diagnosis and she was unable to work due to her severe pain. In addition, Brown stated that one of her medications caused her to become drowsy, and she could not sit or stand for ten minutes or walk for a half block before stopping.

## B. Findings of the ALJ

The ALJ held a hearing to review Brown's disability claim. After taking testimony, the ALJ found that Brown was not disabled. The ALJ applied the five-step disability analysis to Brown's claim and determined that Brown could find employment suitable for her limitations. The ALJ found the medical evidence did not support a conclusion that Brown had debilitating symptoms. None of the x-rays and MRI's showed abnormality except for the bulging discs. The ALJ noted that Brown received minimal treatment for her mental disorders and Brown had not received aggressive treatment for her musculoskeletal conditions. Thus, the ALJ concluded Brown's complaints were unsubstantiated by the medical evidence.

4

### C. Findings of the MJ

After exhausting her administrative remedies, Brown filed the instant suit for review of the Commissioner's final decision. Both Brown and the Commissioner filed motions for summary judgment. The motions were referred to an MJ. Brown made several objections to the findings of the ALJ. First, Brown argued the ALJ incorrectly found that there was no evidence in the record that Brown's obesity affected her mental impairments. Second, Brown objected to the fact that the ALJ assessed her credibility by focusing on the lack of treatment for her back pain and mental health treatment. Brown further objected to the ALJ discounting the testimony of Dr. Singh. Finally, Brown submitted evidence she was diagnosed in July 2009 with fibromyalgia[5]; asserting her case should be remanded for further proceedings to consider this evidence.

The MJ concluded that there was substantial evidence to support the assessment of Brown's testimony as not credible and that Dr. Singh's opinion was unsupported by medical evidence. Further, the MJ noted that Brown did not specifically request a "sentence six remand" nor develop any argument on the issue of new evidence. The MJRR recommends the Court deny Brown's motion and grant the commissioner's motion.

### D. MJRR Objections

Brown filed timely objections to the MJRR which are similar to the objections Brown made to the ALJ's findings.

1. Brown states that her diagnosis of fibromyalgia is new evidence that should be taken into consideration when deciding her case or requires her case to be

---

[5] Fibromyalgia is a disorder characterized by widespread musculoskeletal pain accompanied by fatigue, sleep, memory and mood issues.

5

   remanded.

2. Brown objects to the finding that her obesity did not affect her mental disorder.

3. Brown objects to the MJ finding substantial evidence for the ALJ's decision not to grant Singh's opinion controlling weight.

4. Brown objects to the MJ's determination of substantial evidence to support the ALJ's finding she was not credible.

5. Brown objects to the failure of the MJ to address her arguments regarding the VE testimony, specifically regarding the hypothetical questions from the DDS examination.

## III. STANDARD OF REVIEW

Judicial review of a Social Security disability-benefits application is limited to determining whether the "the commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997). A reviewing court may not resolve conflicts in the evidence or decide questions of credibility. Brainard v. Sec'y of HHS, 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). It is "more than a scintilla but less than a preponderance." Consol. Edison Co. v. NLRB, 305 U.S. 197, 299 (1938). The substantiality of the evidence must be based upon the record taken as a whole. Futernick v. Richardson, 484 F.2d 647, 649 (6th Cir. 1973). The substantial evidence standard "presupposes that there is a zone of choice within which the decision makers can go either way, without interference with the courts." Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). The portions of the MJRR that the claimant finds objectionable are reviewed *de novo.* 28 U.S.C. § 636(b)(1)(c); Smith v. Detroit Fed'n of Teachers, Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

## IV. DISCUSSION

### A. First Objection: New Evidence

Brown contends that the MJ erred in not remanding the case for consideration of Brown's diagnosis of fibromyalgia, in accordance with 42 U.S.C. § 405(g). Brown was diagnosed with fibromyalgia in July 2009, one month after the ALJ's decision, giving Brown ample time to submit this evidence to the Appeals Council, but she did not. Brown submitted the information regarding her diagnosis of fibromyalgia for the first time to the MJ. Brown contends that in light of this new evidence the case should be remanded for consideration in accordance with "sentence six." The sixth sentence of 42 U.S.C. § 405(g) provides that a court may remand a case and "order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is [1] new evidence which is [2] material and there is [3] good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g).

#### 1. New

To be new, evidence must not be cumulative, duplicative or repetitive. Vadeboncoeur v. Callahan, 976 F. Supp. 751, 54 (N.D. Ill. 1997). Brown's fibromyalgia diagnosis is cumulative because it is an accumulation of her impairments. All of Brown's complaints the ALJ considered; pain and drowsiness, are symptoms of fibromyalgia. While the diagnosis is new, in that it provides a cause for the physical impairments Brown contends qualify her for disability, the symptoms are not. Since reviewing the diagnosis of fibromyalgia would be reconsidering the same evidence the ALJ considered, the diagnosis is duplicative and repetitive. Therefore, this evidence is not new.

### 2. Material

Brown asserts the evidence is material to her disability claim because it contradicts the ALJ's findings. To be material, evidence must be relevant and probative. To be relevant it must relate to the period considered by the ALJ. Merrill v. Comm'r of Soc. Sec., No. H 88-52, 1999 WL 1012868 (D. Or. 1999). To be probative, the evidence must relate to the conditions considered by the ALJ. Woodford v. Apfel, 93 F. Supp. 2d 521 (S.D. N.Y. 2000). Further, the new evidence must have the capacity to alter, or potentially alter, the ALJ's decision denying the claim. Haak v. Chater, No. 94 C 7594, 1996 WL 131723 (N.D. Ill. 1996); Sizemore v. Sec'y of Health & Human Servs., 865 F.2d 709, 711 (6th Cir. 1988).

The fibromyalgia diagnosis relates to the conditions considered by the ALJ; including the complaints of pain the ALJ determined not to be credible. Part of the ALJ's determination rested on the credibility, or lack thereof, of Brown's testimony. Medical evidence supporting her reports of severe pain may have altered the decision of the ALJ. Thus, the evidence is material. However, even if the evidence is both new and material, Brown must also demonstrate good cause for its tardiness.

### 3. Good Cause

Brown's fibromyalgia was diagnosed two months after her hearing before the ALJ and nearly a year before the Appeals Council (AC) declined to review her claim. Brown did not present evidence of fibromyalgia during the administrative process. A claimant must show good cause for failure to submit the evidence during the administrative process. 43 U.S.C. §405(9)(g); Cline v. Commissioner of Social Sec., 96 F.3d 146, 148-9 (6th Cir. 1996). The late submission of evidence is not a result of Brown's lack of proper diagnosis. Brown was diagnosed long before the final decision of the Commissioner. Yet, Brown chose to submit the evidence of her diagnosis for the first

time to the MJ. The MJ concluded Brown waived her opportunity to present the fibromyalgia evidence citing U.S. v. Campbell, 279 F.3d 392, 401 (6th Cir. 2002). (holding any issue not raised directly by a plaintiff is waived). Brown has not explained her failure to submit this evidence to the appeals council. Thus, she has not demonstrated good cause. On this basis, Brown does not qualify for a remand.

### B. Objection Two: Effect of Obesity on Mental Impairments.

Brown asserts the ALJ did not properly consider evidence of the effect of her obesity on her other impairments. The ALJ determined that the record lacked evidence to conclude Brown's obesity compounded or adversely affected her mental conditions. The burden of proof for establishing that her condition meets or equals the requirements of a listed impairment rests with the Brown. Foster v. Halter, 279 F.3d 348, 354 (6th Cir. 2001). To meet a listed impairment, a claimant must satisfy all of the criteria in the listing. Roby v. Comm'r of Soc. Sec., 48 Fed.Appx. 532, 536 (6th Cir. 2002). "If all the requirements of the listing are not present the claimant does not satisfy that listing." Berry v. Comm'r of Soc. Sec., 34 Fed.Appx. 202, 203 (6th Cir. 2002). During the administrative hearing, Brown presented evidence of obesity and a diagnosis of depression.

Social Security Ruling (SSR) 02-01p provides guidance for evaluating the impact of obesity on other physical and mental conditions. (SSR) 02-01p explains that obesity often has an effect on other mental and physical conditions. Brown argues that the ALJ did not properly consider the effect of her obesity on her depression as required by SSR 02-01p. However, SSR 02-01p explains that there is no precise formula to apply; a claimant must still meet the definition of a severe impairment. (SSR) 02-01p merely instructs the finder of fact to consider the potential of obesity to impact other conditions.

Brown has offered no testimony from a mental health professional that suggests

her obesity has affected her mental health. Brown simply states that she is obese and that she has been diagnosed with depression and PTSD. Moreover, the ALJ made a factual determination that her conditions, or combination thereof, did not amount to a listed impairment. There was substantial evidence to support this finding.

### C. Objection Three: Disregarding Medical Testimony.

The ALJ found some of the medical testimony was not supported by medical evidence. The ALJ declined to give Dr. Kelwala's GAF Score and Dr. Singh's opinions controlling weight. In weighing the opinions and medical evidence, the ALJ must consider relevant factors such as the length, nature and extent of the treating relationship, the frequency of examination, the medical specialty of the treating physician, the opinion's evidentiary support, and its consistency with the record as a whole. C.F.R. § 404.1527(d)(1)-(2). Singh was Brown's primary care physician and examined her many times. However, the ALJ found her testimony inconsistent with the overall record. Specifically, the ALJ noted that despite complaints of severe and debilitating pain Brown only went to the pain clinic once and discontinued physical therapy after a few months. In addition, Brown's claims of severe mental impairments were not constant with the treatment she sought or the care she received.

The only mental health treatment documented was a visit to Singh, Brown's family doctor, and a prescription for Zoloft, a common antidepressant. Brown contends that a single epidural injection was all that covered by insurance, and the reason why she only filled one prescription of Zoloft was because she was diagnosed with breast cancer and began receiving treatment for that affliction.

The Commissioner contends that the ALJ was correct in his findings because Singh's opinions were inconsistent with the overall medical evidence and there is no obligation to assign any weight to Kawala's GAF score. Kornecky v. Commissioner of

Social Security, 167 F.App'x 496, 511 (6th Cir. 2006).  The question upon review is whether there was substantial evidence for the ALJ to discount Kewala and Singh's opinions.  The lack aggressive treatment, along with normal results of objective diagnostic tests, are at the basis of the ALJ's conclusion, which is supported by substantial evidence.

### D. Objection Four: Assessment of Brown's Credibility.

**1.**

Brown next objects to the finding of the ALJ that her testimony was not credible. The ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability.  Jones v. Commissioner of Social Security, 336 F.3d 469, 476 (6th Cir. 2003).  When weighing credibility, an ALJ may give less weight to the testimony of interested witnesses. Cummins v. Schweiker, 670 F.2d 81, 84 (7th Cir. 1982).  Brown, of course, is an interested witness.

"Determination of credibility related to subjective complaints of pain rests with the ALJ and the ALJ's opportunity to observe the demeanor of the claimant ... is invaluable and should not be discarded lightly." Gaffney v. Bowen, 825 F.2d 98, 101 (6th Cir. 1987). However, if an ALJ rejects a claimant's testimony as incredible, he must clearly state his reasons for doing so. See Auer v. Secretary of Health and Human Servs., 830 F.2d 594, 595 (6th Cir.1987). The ALJ determined the medical evidence was not consistent with the severity of Brown's complaints.  On this basis, he found Brown's testimony not to be credible.

**2.**

Next, Brown says the ALJ did not adhere to 20 C.F.R. § 404.1529(a)[6] and Social Security Ruling 96-7p[7] when assessing her credibility. Brown asserts nowhere in the record did the ALJ review her pain and other symptoms pursuant to SSR 96-7p. The Commissioner contends that Brown is mistaken in the notion that the ALJ was required to discuss all of the factors found in 20 C.F.R. § 404.1529(a) and Social Security Ruling 96-7p. The Commissioner replies that there is no such requirement of an ALJ to discuss all of the factors, citing Bowman v. Charter, 132 F.3d 32, 1997 WL 764419 (6th Cir. 1997). The record indicates that the ALJ followed the dictates of § 404.1529(a) and considered Brown's testimony against the backdrop of the medical evidence, which he found wanting.

There was substantial evidence on the record to support the finding of the ALJ because the ALJ made determinations of credibility based on his evaluation of Brown's demeanor and consistency with objective medical evidence.

### E. Objection Five: The VE's Testimony.

During the hearing, the VE addressed hypothetical questions posed by the ALJ that assumed Brown's descriptions of her level of pain, side effects of medication, and mental conditions were true. Based on those hypotheticals the VE testified Brown would not be able to work. The ALJ also asked if an individual who could not stand for more than an hour and had no transferrable skill could work; the VE replied yes. As discussed previously, the ALJ found the severity of Brown's complaints unsupported by

---

[6] 20 C.F.R. § 404.1529(a) is the relevant regulation regarding how symptoms, e.g. pain, should be evaluated.

[7] SSR 96-7p is the guide for assessing the credibility of an individual's statements.

medical evidence.

Brown argues, of the hypotheticals, the former rather than the latter should have controlled the finding of the ALJ. The Commissioner contends that there was no need for the ALJ to discuss the VE's testimony in response to the hypothetical issues which explored the most severe possible limitations because the ALJ had already found that Plaintiff's subjective complaints were less than fully credible. The ALJ based his conclusion on the hypothetical he found consistent with Brown's limitations. Hypothetical questions posed need only include those limitations that are supported by the record. Stanley v. Sec'y of Health & Human Servs., 39 F.3d 115, 118-19 (6th Cir. 1994). The determination of the ALJ was supported by substantial evidence.

## V.  CONCLUSION

For the reasons stated above, the Court will adopt the MJRR. Brown's motion for summary judgment is **DENIED**, and the Commissioner's motion for summary judgment is **GRANTED**.  The case is **DISMISSED**.

**SO ORDERED**.


Dated:  November 28, 2011        s/Avern Cohn
                                 AVERN COHN
                                 UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, Monday, November 28, 2011, by electronic and/or ordinary mail.

                                 s/Julie Owens
                                 Case Manager, (313) 234-5160